TIANJIN MACHINERY IMPORT & EXPORT CORP. AND SHANDONG MACHINERY IMPORT & EXPORT CORP., PLAINTIFFS *v.* UNITED STATES AND U.S. DEPARTMENT OF COMMERCE, DEFENDANTS, AND WOODINGS-VERONA TOOL WORKS, DEFENDANT-INTERVENOR

Court No. 91–03–00223

(Dated April 27, 1993)

*Skadden, Arps, Slate, Meagher & Flom, (Rodney O. Thorson, John J. Burke),* for plaintiffs.

*Stuart M. Gerson,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Marc E. Montalbine), Joan L. Mackenzie,* Of Counsel, Attorney-Advisor, Office of the Chief Counsel for Import Administration, United States Department of Commerce, for defendants.

*Wiley, Rein & Fielding, (Charles Owen Verrill, Jr., Alan H. Price, Willis S. Martyn III),* for defendant-intervenor.

### MEMORANDUM OPINION

GOLDBERG, *Judge:* This action comes before the court in connection with the Department of Commerce, International Trade Administration's ("Commerce's") remand determination issued December 22, 1992. The court sustains the remand determination and dismisses the present action in full.

Defendant-Intervenor Woodings-Verona Tool Works ("Woodings-Verona"), a United States importer of heavy forged hand tools, filed an antidumping duty petition on behalf of the United States industry on April 4, 1990 ("Petition"). The Petition alleged that imports of hammers/sledges, bars/wedges, picks/mattocks, and axes/adzes from the People's Republic of China ("PRC") were being sold in the United States at less than fair value.

Plaintiffs, Tianjin Machinery Import and Export Corporation and Shandong Machinery Import and Export Corporation, along with Henan Machinery Import & Export Corporation, are the only three PRC companies that export the subject merchandise.

On December 14, 1990, Mann Edge Tool Company ("Mann Edge"), a domestic producer of heavy striking tools, forwarded a letter to Commerce opposing the Petition. Mann Edge stated that it represented 27 percent of the United States market.

Commerce subsequently issued its final determination on January 3, 1991. *See Heavy Forged Hand Tools, Finished or Unfinished, With or Without Handles, From the People's Republic of China,* 56 Fed. Reg. 241 (Dep't Comm. 1991) (final determination).

Plaintiffs then filed a complaint with this court on April 19, 1991. In addition to challenging several aspects of Commerce's final determination, plaintiffs contended that Woodings-Verona did not have standing to initiate the Petition.

On October 23, 1992, this court issued its opinion in *Tianjin Machinery Import and Export Co. v. United States,* No. 92–195 (CIT October 23, 1992.) In the opinion, the court found that Commerce's final determination was, in part, supported by substantial evidence and in accordance with law. The court accordingly sustained Commerce's determination in part.

However, the court also determined that Commerce failed to provide any indication of the course of conduct it pursued after receiving Mann Edge's opposition to the Petition. Consequently, the court found that Commerce's determination regarding standing was not supported by substantial evidence. The action was remanded to Commerce, with directions that Commerce specify the course of conduct taken as a result of the opposition filed by Mann Edge, in addition to the underlying reasons for its determination.

Commerce filed its remand determination on December 22, 1992. On January 6, 1993, plaintiffs forwarded a letter to the court in which they noted their general desire to challenge Commerce's determination upon remand. Accordingly, on January 14, 1993, the court issued a scheduling order directing plaintiffs to file a Rule 56.1 brief by February 8, 1993. The court instructed the parties that:

> It is ordered that upon notification to the Clerk of this Court and to the other parties, a party may decline to submit a new brief in regard to the remand, but may instead rely upon its brief(s) previously filed with the court in this action. Such notification shall be written, submitted no later than the due date for the new brief, and shall designate the full name of the substituted brief with specific identification of the pages within the brief upon which the party relies.

Plaintiffs failed to file their brief by February 8, 1993, or to submit the notification as provided above of their intent to reply upon a previously submitted brief.

USCIT Rule 16(f) provides that:

> [i]f a party or party's attorney fails to obey a scheduling or post-assignment conference order * * * the judge, upon motion or the judge's own initiative, may make such order with regard thereto as are just * * *.

The court finds that plaintiffs failed to comply with the court's scheduling order by timely filing a 56.1 brief challenging Commerce's determination on remand. Accordingly, the court affirms Commerce's determination on remand, and dismisses the action.